UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| PALM BEACH BRAIN & SPINE, LLC *et al.*,[1] | Case No. 19-20831-MAM |
| Debtors. | (Jointly Administered) |

**UNOPPOSED MOTION FOR
ENTRY OF A HIPAA QUALIFIED PROTECTIVE ORDER**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby move (the "**Motion**") this Court for the entry of a HIPAA Qualified Protective Order. In support of this Motion, the Debtors state as follows:

**RELEVANT BACKGROUND**

1. On August 14, 2019, (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida (the "**Court**").

2. In the ordinary course of business, the Debtors have access to and receive protected health information ("**PHI**") that the Debtors are required to confidentially maintain pursuant to the Health Insurance Portability and Accountability Act of 1996 and corresponding privacy rules ("**HIPAA**").

3. The Debtors, as well as the Northern Trust Company ("**Northern Trust**"), Echelon Medical Capital LLC ("**Echelon**"), Med-Link Capital, LLC, Medical Financial Group Holdings, LLC, Momentum Funding, LLC, (collectively, "**Medlink**") and Well States

---

[1] The Debtors in these chapter 11 cases, along with the business addresses of each, are: Palm Beach Brain & Spine, LLC, 1447 Medical Park Blvd., Suite 101, Wellington, FL 33414; Midtown Outpatient Surgery Center, LLC, 4600 Linton Blvd., Suite 100, Delray Beach, FL 33445, and Midtown Anesthesia Group, LLC, 4600 Linton Blvd., Suite 100, Delray Beach, FL 33445.

Healthcare ("**Wells States**", together with Northern Trust, Echelon and Medlink, the "**Parties**"), anticipate that documents containing PHI and pertaining to the Parties and non-parties may be sought and produced in connection with these chapter 11 proceedings (the "**Chapter 11 Cases**") and related negotiations and litigation.

4. The Debtors and the Parties further anticipate that the production and transfer of PHI among certain key parties and their representatives may be necessary to resolve issues relating to the Chapter 11 Cases, and related negotiations and litigation.

**RELIEF REQUESTED AND BASIS THEREFOR**

5. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed HIPAA Order**"), authorizing certain procedures to maintain the confidentiality of patient information as required by HIPAA

6. The Proposed HIPAA Order facilitates production of PHI, provided the PHI is relevant to the issues presented in these Chapter 11 Cases, or related settlement negotiations or litigation among the Parties, prohibits the dissemination of PHI to pursue any lawsuit for any other purpose or in any other proceeding, and requires the destruction of any PHI obtained during these Chapter 11 Cases upon the occurrence of certain events.

7. It is of paramount importance to the Debtors and the Parties that PHI be maintained in accordance with patient expectations and HIPAA. HIPAA imposes stringent standards on health care providers regarding the use and disclosure of patients' health information and establishes significant penalties for unauthorized use or disclosure of such information.

8. The Debtors believe that the requirements to maintain patient confidentiality under HIPAA conflict with the pressing need under the circumstances to disclose certain PHI to,

from, and among the Debtors and the Parties. Therefore, the Debtors respectfully request that PHI be protected in accordance with the terms and limitations set forth in the Proposed HIPAA Order. The Parties have been consulted regarding the proposed terms and limitations and have agreed to the Debtors filing this motion as "unopposed" and to entry of the Proposed HIPAA Order.

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed HIPAA Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion; and (b) grant such other and further relief as may be just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished via U. S. Mail to the parties indicated below on this 13th day of November, 2019.

        KELLEY, FULTON & KAPLAN, P.L.
        1665 Palm Beach Lakes Blvd.
        The Forum - Suite 1000
        West Palm Beach, Florida 33401
        Telephone No. (561) 491-1200
        Facsimile No.  (561) 684-3773

        By:/s/ Craig I. Kelley_____
           Craig I. Kelley
           Florida Bar No.: 782203

**Mailing Information for Case 19-20831-MAM**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joaquin J Alemany**   joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- **Eyal Berger**   eyal.berger@akerman.com, jeanette.martinez@akerman.com
- **Jonathan M Davidoff**   jonathan@davidofflawfirm.com
- **Robert W Davis**   robert.davis@hklaw.com, pauline.nye@hklaw.com
- **Drew M Dillworth**   ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com;fsanchez@stearnsweaver.com
- **Heidi A Feinman**   Heidi.A.Feinman@usdoj.gov
- **Malinda L Hayes**   malinda@forbusinessandlife.com, mlhbnk@gmail.com
- **Kelly D Haywood**   khaywood@bhpalaw.com
- **John B. Hutton III**   huttonj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- **Dana L Kaplan**   dana@kelleylawoffice.com, tina@kelleylawoffice.com;craig@kelleylawoffice.com;cassandra@kelleylawoffice.com;kaplandr75945@notify.bestcase.com;Debbie@kelleylawoffice.com
- **Benjamin Keck**   bkeck@rlklawfirm.com
- **Craig I Kelley**   craig@kelleylawoffice.com, dana@kelleylawoffice.com,tina@kelleylawoffice.com,cassandra@kelleylawoffice.com;kelleycr75945@notify.bestcase.com;Debbie@kelleylawoffice.com
- **Lawrence A Levine**   llevine@anl-law.com, pleadings@anl-law.com
- **Ronald Lewis**   ron@lewisthomaslaw.com, bennie@cbrlawgroup.com
- **David B Marks**   brett.marks@akerman.com, charlene.cerda@akerman.com
- **Orfelia M Mayor**   omayor@ombankruptcy.com, legalservices@pbctax.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Kristopher E Pearson**   kpearson@stearnsweaver.com, rross@stearnsweaver.com;larrazola@stearnsweaver.com;Atty_arrazola@bluestylus.com;cgraver@stearnsweaver.com
- **Kevin A Reck**   kreck@foley.com, bshelley@foley.com
- **Reginald Sainvil**   sainvilr@gtlaw.com
- **Mark J Wolfson**   mwolfson@foley.com, crowell@foley.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

    **Edwin Lunsford**
    2000 PGA Blvd #3200A
    Palm Beach Gardens, FL 33408

**Rountree**
2987 Clairmiont Rd #175
Atlanta, GA 30329

**Wells Fargo Vendor Financial Svcs LLC**
c/o Christine R Etheridge
POB 13708
Macon, GA 31208

**Exhibit A**

Proposed HIPAA Order

(Attached)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| PALM BEACH BRAIN & SPINE, LLC *et al.*,[1] | Case No. 19-20831-MAM |
| Debtors. | (Jointly Administered) |

**HIPAA QUALIFIED PROTECTIVE ORDER**

THIS MATTER came before the Court for hearing on _____ at _____ upon the *Unopposed Motion for Entry of HIPPA Qualified Protective Order* [ECF No. ___] (the "**Motion**") filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**").  By the Motion, the Debtors seek entry of an order to facilitate the production and transfer of Protected Health Information to, from and among certain key parties and their representatives.  As set forth

---

[1] The Debtors in these chapter 11 cases, along with the business addresses of each, are: Palm Beach Brain & Spine, LLC, 1447 Medical Park Blvd., Suite 101, Wellington, FL 33414; Midtown Outpatient Surgery Center, LLC, 4600 Linton Blvd., Suite 100, Delray Beach, FL 33445, and Midtown Anesthesia Group, LLC, 4600 Linton Blvd., Suite 100, Delray Beach, FL 33445.

1

*ACTIVE 46739485v5*

in the Motion, the Debtors, as well as the Northern Trust Company ("**Northern Trust**"), Echelon Medical Capital LLC ("**Echelon**"), Med-Link Capital, LLC, Medical Financial Group Holdings, LLC, Momentum Funding, LLC, (collectively, "**Medlink**") and Well States Healthcare ("**Wells States**", together with Northern Trust, Echelon and Medlink, the "**Signatories**"), recognize the need to provide for the expeditious sharing of Protected Health Information ("**PHI**") as necessary to resolve issues in connection with these chapter 11 proceedings (the "**Chapter 11 Cases**") and further recognize the need to provide for the continued confidentiality of PHI.

To achieve these goals, and based upon the Motion, the record in these Chapter 11 Cases, the agreement of the Debtors and the Signatories, and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED as follows:**

1. The Motion is granted to the extent provided herein.

2. The definitions and terms and limitations set forth below shall apply in these Chapter 11 Cases to the Debtors and Signatories. Nothing herein replaces or supersedes any Business Associate Agreements entered into between or among the Signatories and Debtors.

3. To the extent that the Motion is inconsistent with this Order, the terms of this Order shall govern.

4. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

## DEFINITIONS

"HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2003).

"PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information in paper, electronic or other media, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

"Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 & 164 (2003).

"Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

"Signatories" means Northern Trust, Echelon, Medlink, Wells States, and any other party that the court may subsequently recognize as a signatory of this qualified protective order.

## TERMS AND LIMITATIONS

1. The Signatories are familiar with HIPAA and the Privacy Standards.

2. The Signatories recognize that it may be necessary during the course of the Chapter 11 Cases to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and non-parties to other parties, third-parties, and non-parties and their attorneys and representatives.

3. Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, including voluntary disclosures between the Signatories, provided the PHI is relevant to the issues presented in these Chapter 11 Cases, or related settlement negotiations or litigation between the Signatories.

4. The Signatories are permitted to use the PHI in any manner that is reasonably connected with these Chapter 11 Cases, or related settlement negotiations or litigation between the Signatories. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the bankruptcy or related litigation process, including any of the patients and their personal injury attorneys. The Signatories are prohibited from using or disclosing the PHI for any purpose other than these

3

        Chapter 11 Cases, or related settlement negotiations or litigation between or among the Signatories. The Signatories agree to mark documents containing PHI as "confidential" before transmitting or releasing them.

5.        The Signatories agree that within 90 days of the issuance of a final decree in these Chapter 11 Cases, or within 90 days of issuance of any final order in any related litigation between the Signatories or the extinguishment of all appeals, all Signatories that obtained PHI during the course of these Chapter 11 Cases or related litigation shall destroy said PHI (including all copies made) or return it to the Covered Entity from which it obtained the PHI.

4