

**ORDERED in the Southern District of Florida on December 5, 2019.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| PALM BEACH BRAIN & SPINE, LLC *et al.*,[1] | Case No. 19-20831-MAM |
| Debtors. | (Jointly Administered) |

### ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF HIPAA QUALIFIED PROTECTIVE ORDER

THIS MATTER came before the Court on November 26, 2019 upon the *Unopposed Motion for Entry of HIPAA Qualified Protective Order* [ECF No. 183] (the "**Motion**") filed by the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") and the Court having reviewed the file and been advised of the agreement between the Debtors and the Signatories (defined below),

---

[1] The Debtors in these chapter 11 cases, along with the business addresses of each, are: Palm Beach Brain & Spine, LLC, 1447 Medical Park Blvd., Suite 101, Wellington, FL 33414; Midtown Outpatient Surgery Center, LLC, 4600 Linton Blvd., Suite 100, Delray Beach, FL 33445, and Midtown Anesthesia Group, LLC, 4600 Linton Blvd., Suite 100, Delray Beach, FL 33445.

**THIS COURT FINDS:**

a.     By the Motion, the Debtors seek entry of an order to facilitate the production and transfer of Protected Health Information to, from and among certain key parties and their representatives.

b.     As set forth in the Motion, the Debtors, as well as the Northern Trust Company ("**Northern Trust**"), Echelon Medical Capital LLC ("**Echelon**"), Med-Link Capital, LLC, Medical Financial Group Holdings, LLC, Momentum Funding, LLC, (collectively, "**Med link**") and Well States Healthcare ("**Wells States**", together with Northern Trust, Echelon and Medlink, the "**Signatories**"), recognize the need to provide for the expeditious sharing of Protected Health Information ("**PHI**") as necessary to resolve issues in connection with these chapter 11 proceedings (the "**Chapter 11 Cases**") and further recognize the need to provide for the continued confidentiality of PHI.

c.     To achieve these goals, and based upon the Motion, the record in these Chapter 11 Cases, the agreement of the Debtors and the Signatories, and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED as follows:**

1.     The Motion is granted to the extent provided herein.

2.     The definitions and terms and limitations set forth in the attached **Exhibit "A"** to this Order shall apply in these Chapter 11 Cases to the Debtors and Signatories.  Nothing herein replaces or supersedes any Business Associate Agreements entered into between or among the

Signatories and Debtors.

3. The Signatories have each consulted with their respective Health Insurance Portability and Accountability Act advisors and have determined that this Order is with their recommendations and advice.

4. To the extent that the Motion is inconsistent with this Order, the terms of this Order shall govern.

5. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

# # #

**Submitted By:**
Craig I. Kelley, Esquire
KELLEY, FULTON & KAPLAN, P.A.
1665 Palm Beach Lakes Blvd
The Forum - Suite 1000
West Palm Beach, FL 33401
Tel. No. (561) 491-1200
Fax No. (561) 684-3773
e-mail: craig@kelleylawoffice.com

**Copies furnished to:**

*Craig I. Kelley, Esq., is directed to serve copies of this order on the parties listed on the attached mail list and file a Certificate of Service.*