**Exhibit "A"**

**DEFINITIONS**

"HIPAA" means the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 & 42 U.S.C. (2003).

"PHI" means protected health information, as that term is used in HIPAA and the Privacy Standards and defined in 45 C.F.R. §§ 160 & 164 (2003). Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information in paper, electronic or other media, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

"Privacy Standards" means the Standards for Privacy of Individually Identifiable Health Information.  *See* 45 C.F.R. §§ 160 & 164 (2003).

"Covered Entities" means those entities defined by 45 C.F.R. § 160.103 (2003).

"Signatories" means Northern Trust, Echelon, Medlink, Wells States, and any other party that the court may subsequently recognize as a signatory of this qualified protective order.

**TERMS AND LIMITATIONS**

1. The Signatories are familiar with HIPAA and the Privacy Standards.

2. The Signatories recognize that it may be necessary during the course of the Chapter 11 Cases to produce, receive, subpoena, and transmit PHI of current and future parties, third-parties, and non-parties to other parties, third-parties, and non-parties and their attorneys and representatives.

3. Notwithstanding federal or state law limiting the Signatories' and Covered Entities' authority to disclose PHI, the Signatories and Covered Entities are permitted to release all PHI in their possession in response to a subpoena, discovery request or other lawful process, including voluntary disclosures between the Signatories, provided the PHI is relevant to the issues presented in these Chapter 11 Cases, or related settlement negotiations or litigation between the Signatories.

4. The Signatories are permitted to use the PHI in any manner that is reasonably connected with these Chapter 11 Cases, or related settlement negotiations or litigation between the Signatories. This includes, but is not limited to, disclosures to the parties, their attorneys of record, the attorney's firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the bankruptcy or related litigation process, including any of the patients and their personal injury attorneys. The Signatories are

        prohibited from using or disclosing the PHI for any purpose other than these Chapter 11 Cases, or related settlement negotiations or litigation between or among the Signatories. The Signatories agree to mark documents containing PHI as "confidential" before transmitting or releasing them.

5.      The Signatories agree that within 90 days of the issuance of a final decree in these Chapter 11 Cases, or within 90 days of issuance of any final order in any related litigation between the Signatories or the extinguishment of all appeals, all Signatories that obtained PHI during the course of these Chapter 11 Cases or related litigation shall destroy said PHI (including all copies made) or return it to the Covered Entity from which it obtained the PHI.