**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | |
| | **CHAPTER 11** |
| **PALM BEACH BRAIN & SPINE, LLC.,** | |
| **MIDTOWN OUTPATIENT SURGERY** | **CASE No. 19-20831-MAM** |
| **CENTER, LLC, and MIDTOWN** | |
| **ANESTHESIA GROUP, LLC,** | **(Jointly Administered)** |
| Debtors. | |

**DEBTOR'S MOTION TO APPROVE SETTLEMENT**
**AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019**

**Expedited Hearing Requested**: It is respectfully requested that this matter be heard on an expedited basis. The counterparty to proposed settlement has indicated that time is of the essence to get this settlement approved. Accordingly, the Debtors request that this motion be heard on the earliest available hearing date on which other matters in this case are set for hearing, which appears to be **December 19, 2019 at 1:30 p.m. Eastern**, or as soon thereafter as the Court will permit.

**DEBTOR'S MOTION TO APPROVE SETTLEMENT**
**AGREEMENT PURSUANT TO BANKRUPTCY RULE 9019**

COMES NOW Debtors, PALM BEACH BRAIN & SPINE, LLC; MIDTOWN OUTPATIENT SURGERY CENTER, LLC; and MIDTOWN ANESTHESIA GROUP, LLC, (the "**Debtors**"), and  file this Motion to Approve Settlement Agreement Pursuant to Bankruptcy Rule 9019, showing the Court as follows:

**BACKGROUND**

1.      On August 14, 2019, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  Since the filing, the Debtors have continued in possession of their property and has operated and managed their affairs as a debtor-in-possession pursuant to the provisions of

Sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in this case.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Between October 2014 and August 2015, the Debtors entered into seven substantially similar Letter of Protection and Medical Lien Sale and Agreements (the "**Agreements**") with CareCentric Investments I, LLC f/k/a CareCentric-Gallop PI Capital Partners, LLC, ("**CareCentric**").  Pursuant to the Agreements, the Debtors sold specific batches of patient accounts receivable to CareCentric (the "**Purchased Receivables**").  The Debtors entered into similar agreements with other account purchasers as well.

4.      Given the age of the CareCentric Purchased Receivables, it appeared unlikely that any of these receivables would still be collectible after the Petition Date.  Accordingly, CareCentric chose not to continue taking actions to collect on the Purchased Receivables.[1]

5.      Recently, an attorney representing a certain patient with the initials D.K. contacted the Debtors and CareCentric seeking to make an offer to settle the patient's account.  The balance shown on the patient's account (and hence, the amount of the Purchased Receivable related thereto) is $269,751.97 (the "**Account**"). The patient's attorney appears to very motivated to settle the

---

[1]    Initially, CareCentric filed a motion for relief from stay [Doc. 100], seeking a "comfort order" stating that the Purchased Receivables are not property of the Debtors' estates and authorizing CareCentric to take certain collection actions. After filing that motion, it appeared that at least one other creditor would require CareCentric to enter into an intercreditor agreement in order to avoid a contested hearing on its stay relief motion. Given CareCentric's view that these accounts from four or five years ago would most likely be uncollectible, CareCentric concluded that "the juice wasn't worth the squeeze" and withdrew its stay relief motion without prejudice to re-filing. Given the patient's attorney's motivation to get this settlement approved quickly, it appeared that the fastest way to resolve this matter would be by filing this Motion.

Account as soon as possible and has been zealously contacting representatives of the Debtors and CareCentric in order to try to finalize a settlement.

<u>**THE PROPOSED SETTLEMENT**</u>

6.     The patient's attorney has offered to pay $88,500.00 in cash (the "**Settlement Amount**"), subject to the patient's approval and other conditions, as a full accord and satisfaction of all amounts owed on the Account (the "**Account Proceeds**").

7.     The Debtors believe that the Settlement Amount is fair, considering the age of the Account and the reality that medical accounts are often settled for a fraction of the stated amount of the account.  CareCentric also believes the Settlement Amount is fair and has consented to the filing of this motion.

8.     CareCentric asserts that the Account Proceeds are not property of the Debtors' estates but recognizes the possibility that other of the Debtors' creditors may assert rights to some of the Account Proceeds.

9.     Accordingly, the Debtors propose to settle the Account in exchange for the Settlement Amount, which the Debtors will hold in a segregated trust account, subject to any rights CareCentric or any other creditor may assert as to the Account Proceeds, all such rights being fully reserved.

<u>**BASIS FOR RELIEF**</u>

10.     Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  FED. R. BANKR. P. 9019(a).

11.     The decision of whether or not to approve a compromise under Bankruptcy Rule 9019(a) is within the sound discretion of the court. *In re Foster Mortg. Corp.*, 68 F.3d 914, 917 (5th

Cir. 1995); *In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987); *In re Walsh Construction, Inc.*, 669 F. 2d 1325, 1328 (9th Cir. 1992).

12.      When applying this rule, a bankruptcy court should approve a settlement if it is fair and equitable, and in the best interests of the estate.  *In re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997).  To properly make this determination, a bankruptcy  judge "must assess and balance the value of the claim that is being compromised against the  value to the estate of the acceptance of the compromise proposal." *Id*. at 356; *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *In re Jeffrey*, 70 F.3d 183 (1st Cir. 1995); *see also In re World Health Alt., Inc.*, 344 B.R.  291, 296 (Bankr. D. Del. 2006) ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the  reasonable range of litigation possibilities.").

13.      In examining a settlement, the Court should "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." *In re Spielfogel*, 211 B.R. 133, 143–44 (Bankr. S.D.N.Y. 1997); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994); *In re Carla Leathers, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985*); In re W.T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

14.      The Debtors submit that the Settlement is fair and equitable, and it is in the best interests of the Debtors, their estate, their creditors, and all other parties in interest, and accordingly should be approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

<u>CONCLUSION</u>

WHEREFORE, pursuant to Bankruptcy Rule 9019, the Debtors respectfully request that the

Court enter an order (i) granting this Motion, (ii) approving the settlement on the terms described

herein, and (iii) granting such other relief that is just and proper.


Dated:  December 12, 2019                      **KELLEY, FULTON & KAPLAN, P.L.**
                                               **Attorney for Debtors**
                                               **1665 Palm Beach Lakes Blvd.**
                                               **The Forum - Suite 1000**
                                               **West Palm Beach, Florida 33401**
                                               **Tel: (561) 491-1200**
                                               **Fax:(561) 684-3773**


                                               **By:   /s/ Dana Kaplan**
                                                        **Dana Kaplan, Esquire**
                                                        **Fla. Bar No. 44315**


**Mailing Information for Case 19-20831-MAM**
**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email
notice/service for this case.
- Joaquin J Alemany     joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- Eyal Berger     eyal.berger@akerman.com, jeanette.martinez@akerman.com
- Jonathan M Davidoff     jonathan@davidofflawfirm.com
- Robert W Davis     robert.davis@hklaw.com, pauline.nye@hklaw.com
- Drew M Dillworth     ddillworth@stearnsweaver.com,
  mfernandez@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.e
  piqsystems.com;cgraver@stearnsweaver.com;fsanchez@stearnsweaver.com
- Heidi A Feinman     Heidi.A.Feinman@usdoj.gov
- Malinda L Hayes     malinda@forbusinessandlife.com, mlhbnk@gmail.com
- Kelly D Haywood     khaywood@bhpalaw.com
- John B. Hutton III     huttonj@gtlaw.com,
  mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Dana L Kaplan     dana@kelleylawoffice.com,
  tina@kelleylawoffice.com;craig@kelleylawoffice.com;cassandra@kelleylawoffice.
  com;debbie@kelleylawoffice.com
- Benjamin Keck     bkeck@rlklawfirm.com
- Craig I Kelley     craig@kelleylawoffice.com,
  dana@kelleylawoffice.com,tina@kelleylawoffice.com,cassandra@kelleylawoffice

.com;debbie@kelleylawoffice.com
- Lawrence A Levine     llevine@anl-law.com, pleadings@anl-law.com
- Ronald Lewis     ron@lewisthomaslaw.com, bennie@cbrlawgroup.com
- David B Marks     brett.marks@akerman.com, charlene.cerda@akerman.com
- Orfelia M Mayor     omayor@ombankruptcy.com, legalservices@pbctax.com

**Manual Notice List**
The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Edwin Lunsford
2000 PGA Blvd #3200A
Palm Beach Gardens, FL 33408

Rountree
2987 Clairmiont Rd #175
Atlanta, GA 30329

Wells Fargo Vendor Financial Svcs LLC
c/o Christine R Etheridge
POB 13708
Macon, GA 31208