# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO.: 19-20831-MAM |
| | Chapter 11 |
| PALM BEACH BRAIN & SPINE, LLC., | |
| MIDTOWN OUTPATIENT SURGERY | |
| CENTER, LLC, and | |
| MIDTOWN ANESTHESIA GROUP, LLC | Jointly Administered |
| Debtors. | |
| _____/ | |

## DEBTORS' MOTION FOR ORDER TO SHOW CAUSE WHY AMOS DARE, M.D. SHOULD NOT BE HELD IN CONTEMPT

COMES NOW Debtors, PALM BEACH BRAIN & SPINE, LLC. ("PBBS"), MIDTOWN OUTPATIENT SURGERY CENTER, LLC ("MOSC"), and MIDTOWN ANESTHESIA GROUP, LLC ("MAG"), (hereinafter referred to as "Debtors"), by and through the undersigned counsel, and hereby files this Motion for Order to Show Cause Why Amos Dare, M.D. Should not be Held in Contempt, and in support thereof, respectfully states as follows:

### JURISDICTION

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. § 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Section 1121(d) of the Bankruptcy Code provides the basis for the relief requested herein.

### BACKGROUND

3. The Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 14, 2019. These cases are jointly administered.

4. The Debtors are separate privately held limited liability companies. Palm Beach Brain and Spine, LLC ("PBBS ") was a medical practice providing neurosurgery, minimally invasive spine surgery and treatment for cancer of the brain and spine. Midtown Outpatient Surgery Center, LLC ("MOCS") operated a surgical facility that specialized in providing elective surgical and pain management services in an outpatient or ambulatory setting for patients of PBBS as well as other providers. Midtown Anesthesia Group, LLC ("MAG") offered anesthesiology services at the MOCS location.

5. As set forth in the Voluntary Petition, the following entities are fictitious entities of PBBS:

   a. Neuro Ortho Interventional Services
   b. JaxNeuroSpine
   c. Neurological & Orthopedic Institute of FL
   d. Palm Beach Reconstructive Surgery
   e. Neuro Ortho Spine Institute

6. MOSC owns the fictitious entity known as "Orthotics."

7. Much of the income received by the Debtor entities is through "Letters of Protection," meaning the Debtors provide medical services to individuals who are injured and then are paid in the future from any settlement proceeds. Pre-petition, the Debtors sold medical receivables, which were generally supported by the Letters of Protection, to various factoring companies (the "Purchased Receivables").

8. The primary assets of the Debtors are the remaining medical receivables that it owns and the related Letters of Protection. It has been acknowledged in prior pleadings in this case that the medical receivables and related Letters of Protection sold by the Debtors to the various factors are not property of the bankruptcy estate; however, the rights of the Debtors to

receive "residuals" under certain of the contractual arrangements with the factoring companies are property of the bankruptcy estate. The "unsold" medical receivables and related Letters of Protection are assets of the bankruptcy estate, these but may be subject to a lien of The Northern Trust Company, which is a secured creditor of MOSC.

9. At the time of the filing of these cases, Amos Dare. M.D. was the Manager of the three (3) Debtor entities. Dr. Amos Dare and his wife, Maria Marchetti, are involved in a contentious divorce and on or about November 8, 2019, the family court entered an order that Maria Marchetti was named as Manager of the Debtor entities. At or about November 8, 2019, Dr. Dare ceased providing medical services to the Debtors. Ms. Marchetti was then tasked with collecting the Debtors' receivables as no new procedures were being conducted by the Debtors. Eventually, Dr. Dare signed resignations of his role as Manager of the entities.

10. On March 30, 2020, most of the MOSC assets excluding accounts receivable were sold to a third party. The Northern Trust Company as a secured creditor of MOSC and MAG, received the majority of the proceeds of the sale, subject to certain carveouts approved by this Court.

**RELIEF REQUESTED**

11. For the reasons set forth below, the Debtors request that this Court entered an Order to Show Cause Against Amos Dare, M.D. as to why he should not be held in contempt for attempting to divert receivables owned by the Debtor and/or a factor to a non-Debtor entity owned and/or controlled by him. Alternatively, the Debtors move the court to sanction Dr. Dare for violating the automatic stay, as the Debtors retain ownership of "unsold" accounts and LOP's, subject to the lien of The Northern Trust Company but not as to PPBS interests, and the Debtors retain a contingent interest in any excess funds remaining after the parties entitled to the "sold" accounts and LOP's have been paid in full.

12.     More specifically, it has come to the Debtors' attention that Dr. Amos Dare has directed a plaintiff's attorney to direct payment of settlement monies due to the Debtor entities for treatment of plaintiff to an entity now owned by Dr. Dare.  It is believed that Dr. Amos Dare, when he was manager of the Debtor entities, sold the Letters of Protection for patient to Med-Link in 2016. It appears that the LOP for NOIF (defined below) was not sold and it is owned by PBBS.

13.     Specifically, with regard to the plaintiff, attached to this Motion is an email string between plaintiff's counsel and Amos Dare or his staff member Charlotte Spikes in which Dr. Amos Dare directs the plaintiff's attorney to send payment on the invoices a non-Debtor entity known as Neurosurgery & Orthopedic Institute of Florida d.b.a Dr Amos O Dare, MD,PA.  Also included in this attachment are the ledgers showing the sums are due to PBBS, MOSC, MAG and Neurological & Orthopedic Institute of Florida ("NOIF"), which is registered as a fictitious name of PBBS.  As evidenced by the various emails, Charlotte Spikes from Neurosurgery & Orthopedic Institute of Florida d.b.a Dr Amos O Dare, MD, PA, instructs the plaintiff's law firm that the bills due to PBBS, MOSC, MAG and NOIF were assigned to Neurosurgery & Orthopedic Institute of Florida d.b.a Dr Amos O Dare, MD, PA.:

**From:** Selena Zugras <selena@thefllawfirm.com>
**Sent:** Wednesday, May 6, 2020 9:46 AM
**To:** Amos Dare <cspike@aodmdpa.com>
**Subject:** Re: Confirming balance

Our client was a patient when the facility was named under Palm Beach Pain and Spine, are you able to provide me with that billing ledger as well? From my understanding there are two separate bills.

On Wed, May 6, 2020 at 10:56 AM Amos Dare <cspike@aodmdpa.com> wrote:
Hello,

It is the same but if you need it to say Palm Beach Brain and Spine I can redo it for you.

Thank you,

Charlotte Spikes
Administrative Assistant
cspike@aodmdpa.com
561-844-0120
Neurosurgery & Orthopedic Institute of Florida
d.b.a Dr Amos O Dare, MD,PA
130 JFK Dr. #138
Atlantis, Fl 33462

---

**From:** Selena Zugras <selena@thefllawfirm.com>
**Sent:** Wednesday, May 6, 2020 11:11 AM
**To:** Amos Dare <cspike@aodmdpa.com>
**Subject:** Re: Confirming balance

No, that is not necessary, however can you confirm that upon settlement we would send one check made out to Neurosurgery & Orthopedic Institute of Florida?

---

From: **Amos Dare** <cspike@aodmdpa.com>
Date: Wed, May 6, 2020 at 11:13 AM
Subject: Re: Confirming balance
To: Selena Zugras <selena@thefllawfirm.com>

Yes, that's correct. Please note:
All professional and facility bills are assigned to :
Neurosurgery & Orthopedic Institute of Florida, LLC dba: Amos O Dare, MD, PA.
Please make all payments to:
Neurosurgery & Orthopedic Institute of Florida, LLC
dba: Amos O Dare, MD, PA.
8185 Via Ancho Rd, P.O. Box 880347, Boca Raton, FL 33488.
Please contact: Charlotte Spikes at Cspike@aodmdpa.com for all billing questions.

Thank you,

Charlotte Spikes
Administrative Assistant
cspike@aodmdpa.com
561-844-0120

Neurosurgery & Orthopedic Institute of Florida
d.b.a Dr Amos O Dare, MD, PA
130 JFK Dr. #138
Atlantis, Fl 33462

14. Dr. Amos Dare, as the Manager of the Debtors when these cases were initially filed, had full knowledge that the income from the unsold receivables must be deposited in the DIP accounts. Specifically, paragraph 2 of the Cash Collateral Order [D.E . #112] entered by this Court when Dr. Amos Dare was the Manager provides that:

> On an interim basis, through and including the next cash collateral hearing date set forth below, the "cash collateral" of the Debtors as defined in Section 363 of the Bankruptcy Code, including such "cash collateral" that is claimed as collateral of Northern Trust or any of the factors. The "cash collateral" includes all pre-petition and post-petition revenues of the Debtors (but, for purposes of this Order, excludes purchased medical receivables and related "letters of protection" and the proceeds thereof whose status is addressed below), <u>which shall be turned over and paid to the applicable Debtors for deposit into their separate Debtor in Possession bank accounts</u>, and shall not be commingled. The Debtors' "cash collateral" shall be used solely to pay the applicable Debtor's ordinary operating expenses as described in the Budgets attached hereto as Exhibit 1, that become due and are payable through the date of the next hearing on cash collateral as set forth below, or as otherwise ordered by this Court. The Debtors' authorization to use cash collateral during the interim period is limited to a variance not to exceed 10% of any particular line item expense on the Budgets attached hereto, if warranted under the circumstances (which the applicable Debtor shall explain to Northern Trust and the factors upon request), unless otherwise agreed in writing between the parties or by Order of this Court. Furthermore, Dr. Amos Dare has agreed to defer his salary from all three Debtors until such time as there are available net funds to pay the deferred salary. However, the Debtor shall be required to provide notice to Northern Trust Bank and the factors that said deferred compensation has or will be paid to Dr. Amos Dare. Alternatively, Dr. Dare's action is clearly the exercise of dominion or control of the Debtors' interest in property of the estate under Section 541(a), and thus violates the automatic stay. Fair points. I think he is violating the automatic stay as he is exercising control over property of the estate. I believe there is case law under 105 for the proposition that the court can hold a party in contempt for stay violations. 362(m) applies only to individual debtors, but I think courts have used 105 to get to a similar result for corporate debtors, if memory serves correct.

(Emphasis added.)

15. With regard to the Purchased Receivables, the Cash Collateral Order provided the following structure:

Income collected by the Debtors from medical receivables and related "Letters of Protection" that have been sold to factors shall not be used to pay expenses during the interim period, but shall be held by the applicable Debtor, until further order of the Court with respect to the affected factors, and the applicable Debtor shall segregate and hold such proceeds in separate debtor-in-possession bank accounts, immediately notifying the affected factor and Northern Trust, and disburse the same to the affected factor to the extent stay relief has been granted in favor of such factor, without prejudice to the asserted superior claim of Northern Trust to the same, which claim the factors dispute. The receipt by the factors of proceeds from the Debtors under this provision does not affect the respective rights of the factors and Northern Trust as to MOSC's receivables and related "Letters of Protection" that exist under applicable non-bankruptcy law prior to their receipt of said proceeds.

16. For this reason, the Debtors were required to open up second Debtor in Possession accounts to segregate the funds.

17. During the course of this case, this Court entered three separate Stay Relief Orders, each of similar form, to direct and allow each of the factors to send Notices of Assignment directly to the law firm payors of the payments on the Purchased. The Debtors continue to maintain the second Debtor in Possession accounts to segregate funds in the event payment for a Purchased Receivable was inadvertently sent to the Debtors. The Stay Relief Order as to Echelon Medical Capital, LLC was entered at D.E. #78 on September 13, 2019, as to Well States Healthcare at D.E. #115 on September 26, 2019 and as to Momentum Funding, LLC, Med-Link Capital, LLC, and Medical Financial Group Holdings, LLC at D.E. #235 on December 23, 2019.

18. By Dr. Amos Dare directing a law firm payor to send his new business payment on a receivable owned by the Debtors, he is in direct violation of this Court's Cash Collateral Order [D.E. #112, as well as all subsequently entered interim Cash Collateral Orders].

19. By Dr. Amos Dare directing a payment on a Purchased Receivable to be paid to his new business entity, he is in violation of this Court's Stay Relief Order.

20. Based on the above facts, the Debtors request that this Court enter an Order to Show

Cause as to why Dr. Amos Dare should not be held in contempt for attempting to divert an asset of the estate and/or an asset that was sold to a third party (to which the residuals would be an asset of the estate) to a new non-Debtor entity owned or controlled by him. No medical receivables or related Letters of Protections pertaining to this patient have been assigned to any non-Debtor entity and this action appears to have been undertaken solely to benefit Dr. Amos Dare to divert estate assets to him personally.

21. The Debtors have grave concerns that this is not the first time this type of request has been made by Dr. Amos Dare or his staff at his new business venture.

22. Had this plaintiff's counsel not been puzzled by the request and conducted further inquiry, these payments may have been made to Neurosurgery & Orthopedic Institute of Florida, LLC instead of to the Debtor and/or Med-Link.

**WHEREFORE**, the Debtors respectfully request this Court enter Order to Show Cause Why Amos Dare, M.D. Should not be Held in Contempt and based on the facts detailed above such other relief as this Court deems just and proper. That Order should also direct that to the extent not produced pursuant to any subpoena service upon Dr. Dare that he is required to produce to the Court and creditors with an interest in the accounts and LOP's, at the time of the hearing set by the Court, an accounting of any other accounts or LOP's for medical bills issued by any of the Debtors or their fictitious entities for which he or any entity over which he has control has asserted since the petition date the right or entitlement to collect and such other documentation describing any communication to or from any law firms or insurance companies for such account or LOP's.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that a true and correct copy of the foregoing has been furnished

via ECF to parties registered in this case to receive service and via U. S. Mail to the parties listed below this 27th day of July, 2020.

        KELLEY, FULTON & KAPLAN, P.L.
        Attorneys for the Debtor in Possession
        1665 Palm Beach Lakes Blvd.
        The Forum - Suite 1000
        West Palm Beach, FL 33401
        Phone (561) 684-5524
        Facsimile (561) 684-3773

        BY: __/s/ Craig I. Kelley__
            Craig I. Kelley, Esq.
            Florida Bar 782203
            Dana Kaplan, Esq.
            Florida Bar 44315

**Mailing Information for Case 19-20831-MAM**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Joaquin J Alemany**  joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- **Eyal Berger**  eyal.berger@akerman.com, jeanette.martinez@akerman.com
- **Jonathan M Davidoff**  jonathan@davidofflawfirm.com
- **Robert W Davis**  robert.davis@hklaw.com, pauline.nye@hklaw.com
- **Drew M Dillworth**  ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com;fsanchez@stearnsweaver.com
- **Heidi A Feinman**  Heidi.A.Feinman@usdoj.gov
- **Malinda L Hayes**  malinda@forbusinessandlife.com, mlhbnk@gmail.com
- **Kelly D Haywood**  khaywood@bhpalaw.com
- **John B. Hutton III**  huttonj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- **Dana L Kaplan**  dana@kelleylawoffice.com, tina@kelleylawoffice.com;craig@kelleylawoffice.com;cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com
- **Benjamin Keck**  bkeck@rlklawfirm.com
- **Craig I Kelley**  craig@kelleylawoffice.com, dana@kelleylawoffice.com,tina@kelleylawoffice.com,cassandra@kelleylawoffice.com;debbie@kelleylawoffice.com
- **Lawrence A Levine**  llevine@anl-law.com, pleadings@anl-law.com
- **Ronald Lewis**  ron@lewisthomaslaw.com, bennie@cbrlawgroup.com

- **David B Marks**    brett.marks@akerman.com, charlene.cerda@akerman.com
- **Orfelia M Mayor**    omayor@ombankruptcy.com, legalservices@pbctax.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Kristopher E Pearson**    kpearson@stearnsweaver.com, rross@stearnsweaver.com;larrazola@stearnsweaver.com;Atty_arrazola@bluestylus.com; cgraver@stearnsweaver.com
- **Kevin A Reck**    kreck@foley.com, bshelley@foley.com
- **Reginald Sainvil**    sainvilr@gtlaw.com
- **Mark J Wolfson**    mwolfson@foley.com, crowell@foley.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

    Edwin Lunsford
    2000 PGA Blvd #3200A
    Palm Beach Gardens, FL 33408

    Rountree
    2987 Clairmiont Rd #175
    Atlanta, GA 30329

    Wells Fargo Vendor Financial Svcs LLC
    c/o Christine R Etheridge
    POB 13708
    Macon, GA 31208

    Amos Dare, M.D.
    22771 El Dorado Drive
    Boca Raton, FL 33433

    Amos O Dare, MD, PA
    8185 Via Ancho Road
    P.O. Box 880347
    Boca Raton, FL 33488

    Amos Dare, M.D.
    13290 Bryan Road
    Loxahatchee, FL 33470

    Neurological and Orthopedic Institute of Florida
    644 Cesery Blvd., Suite 310
    Jacksonville, FL 32211

.